ASA JOSSELYN *vs.* THOMAS GLEASON & others.

A pilot offering his services to an inward bound vessel, which he has boarded, not from a pilot boat, but from a tug on which he is returning from piloting an outward bound vessel, is entitled, under the St. of 1862, c. 176, to pilotage fees, if he has received the consent of the master of the station boat, although such boat is not then in sight.

CONTRACT against the owners of the brig Carira, to recover pilotage fees. At the trial in the superior court, before *Wilkinson*, J., it appeared that the plaintiff had piloted out of the port of Boston a vessel which was towed by a steam tug; that on the way back the master of the tug contracted with the master of the Carira, which was inward bound, to tow her up the harbor; that, soon after the tug had taken the Carira in tow, the plaintiff boarded her from the tug, made himself known as a pilot, offered his services, and claimed pilotage; that the master of the Carira refused to accept his services, and denied his right to pilotage; and that no station boat was then in sight.

The defendants contended that, under the provisions of the St. of 1862, c. 176, that "in case of a want of pilots at any time on board of the station boat to supply the demand of inward bound vessels, pilots taken on board from outward bound

vessels may, with the consent of the master of the station boat, go on board of inward bound vessels; but no pilot shall board an inward bound vessel, except from the boat to which he belongs, without such permission," the plaintiff must prove the consent of the master of the station boat; and the judge so ruled. The defendants also requested the judge to instruct the jury " that, if the pilot boat failed of being on its assigned station on her weekly turn to be there, or during her assigned time to be there to supply pilots to inward bound vessels, the law relieves the master of an inward bound vessel from payment of compulsory pilotage to any other pilot, and left it optional for the master to employ some other pilot or not." The judge refused so to instruct the jury; they returned a verdict for the plaintiff; and the defendants alleged exceptions.

*C. G. Thomas,* for the defendants.

*J. B. Richardson,* for the plaintiff.

CHAPMAN, C. J. Under the instructions given them, the jury have found that the plaintiff had the consent of the master of the station boat to offer his services to the defendants' vessel. Under the regulations contained in the St. of 1862, *c.* 176, he had a right to make the offer; and if the vessel refused to accept his services, she became liable to pay his fees. No question is made as to the offer having been properly made, if the plaintiff had a right to make it. The instruction prayed for was properly refused.　　　　　　　　　　*Exceptions overruled.*