JOSEPH PERKINS, JR., *vs.* FRANKLIN BUCKLEY & another.

ESSEX. Nov. 4, 1875. — March 3, 1876. COLT, MORTON & LORD, JJ., absent.

Where a vessel signals for a pilot before entering the harbor of Salem and Beverly, and the pilot does not offer his services until after she has passed the harbor lines and the signal has been taken down, the vessel may decline his services, and is not liable for compulsory pilotage fees under the statutes of this Commonwealth.

CONTRACT against the owners of the schooner Bay State, to recover pilotage fees. At the trial in the Superior Court, *Bacon*, J., ruled that, upon the facts presented, the plaintiff could not recover, and directed a verdict for the defendants. The plaintiff alleged exceptions, the substance of which appears in the opinion.

*C. W. Richardson*, for the plaintiff.

*C. A. Benjamin*, for the defendants.

ENDICOTT, J. The schooner Bay State, a coasting vessel, bound for Beverly, when outside the harbor lines of Salem and Beverly, set her signal for a pilot. The pilot boat Ariomedes, under the charge of the plaintiff, saw the signal and made sail for the Bay State, but did not reach her till after the signal was

hauled down, and after she was within the harbor lines. The plaintiff then offered his services, which were declined, and he gave notice that he should hold the Bay State liable for his fees. We are of opinion that the plaintiff cannot maintain this action for compulsory pilotage, under the statutes.

No vessel employed in the coasting trade, declining the services of a pilot, is obliged to pay compulsory pilotage. St. 1873, c. 284. St. 1862, c. 176, § 24. And within the harbor lines of Salem and Beverly there is no compulsory inward pilotage for any vessel. St. 1862, c. 176, § 24, regulations as to Salem and Beverly. Outside the harbor lines, a duly appointed pilot is authorized and directed to take charge of any vessels bound to a port within the limits of his commission, except coasting vessels and other vessels exempt from compulsory pilotage, and to pilot them into the harbor and to their port of destination. St. 1862, c. 176, § 24. Gen. Sts. c. 52. The pilot therefore must offer his services and be ready to take charge of such vessel before she has arrived within the harbor lines. If he does so, he is entitled to his fees, whether his services are accepted or not. This offer must be made seasonably, so that the vessel can avail herself of it before she reaches the harbor limits; for after she has reached those limits, she cannot be held to pay compulsory pilotage. *Commonwealth* v. *Ricketson*, 5 Met. 412, 420. It is also the duty of a pilot to offer his services and go on board any vessel, not excepting coasting vessels, having a signal set for a pilot, and take her to her port of destination. If he makes such offer and it is refused, it is his duty to inform the vessel that she will be holden to pay regular fees for pilotage, whether his services are accepted or not. St. 1862, c. 176, § 24, regulation 5. See *Chandler* v. *Doody*, 101 Mass. 267. But it is clear from the examination of this regulation that this duty imposed on pilots, to render services to vessels who signal for a pilot, refers to vessels outside the harbor limits. And in such cases the offer of services must be seasonably made to the coasting vessel, as to any other vessel, and the pilot be in a position to take charge of her while she is without the harbor lines, in order to hold her for compulsory pilotage; for after she is within those lines she is at liberty to decline his services, in the same manner as any other vessel liable for compulsory pilotage may decline.

The signal of the Bay State was for a pilot to take her into the harbor of Salem and Beverly. As the plaintiff failed to offer his services before the vessel passed the harbor lines, she was at liberty to decline his services, and was not liable for compulsory pilotage. It does not appear by the bill of exceptions that the signal was flying after the Bay State passed within the harbor lines, and no question arises as to what would be the rights of the plaintiff if she had signalled or continued to signal for his services while within the lines.

The only ruling at the trial was, that the plaintiff could not recover the statutory fees upon the facts presented.

*Exceptions overruled.*