## JOSEPH PERKINS vs. THOMAS O'MAHONEY.

Essex. November 3, 1881. MORTON & ALLEN, JJ., absent.

The provision of the Gen. Sts. c. 52, § 7, and of the St. of 1862, c. 176, that a pilot shall have a lien for his fees upon a vessel liable to him therefor, does not take away his right of action against the master for the same.

It is no defence to an action for compulsory pilotage fees, under the St. of 1862, c. 176, that the services of the pilot were offered on Sunday.

CONTRACT, on the St. of 1862, c. 176, for compulsory pilotage fees. Trial in the Superior Court, before *Colburn*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff offered evidence tending to show that he was a branch pilot for the ports of Beverly and Salem; that on September 26, 1880, which was Sunday, he offered his services to the defendant, who was the master of an English schooner, outside of the pilot limits of the port of Salem, to pilot the schooner into that port, where she was bound; and that, his services being declined, he notified the master that he should claim pilotage fees.

It was agreed that the schooner was of the burden of one hundred and forty tons, drew more than seven feet of water, was sailing under a register, and was not exempt as a coaster or fishing vessel under any laws of this Commonwealth.

The defendant asked the judge to rule that, under the statutes, the plaintiff could not recover in this form of action; that, the liability, if any, being created by statute, the plaintiff must enforce his claim by the remedy given therein, to wit, by a lien upon the vessel and her appurtenances; and that the plaintiff could not recover for services offered on Sunday. But the judge refused so to rule, and ruled otherwise.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. Sewall*, for the defendant.

*C. A. Benjamin*, for the plaintiff, was not called upon.

GRAY, C. J. By the law of the Commonwealth for three quarters of a century before the passage of the General Statutes, pilots entitled by statute to fees for services offered and refused might recover those fees by action against the master. St. 1783,

*c.* 13. Rev. Sts. *c.* 32. *Smith* v. *Swift*, 8 Met. 329. *Martin* v. *Hilton*, 9 Met. 371. *Winslow* v. *Prince*, 6 Cush. 368. *Hunt* v. *Carlisle*, 1 Gray, 257. Chapter 52 of the General Statutes reënacts the principal provisions of the statutes thereby repealed; and the provision introduced in § 7 of that chapter, giving the pilot a lien on the vessel for his fees, does not, and has never been understood to, take away his right of action against the master therefor. Gen. Sts. *c.* 52, § 12. St. 1862, *c.* 176, schedule, *cls.* 3, 4, 5, 10. *Chandler* v. *Doody*, 101 Mass. 267. *Josselyn* v. *Gleason*, 103 Mass. 237. *Perkins* v. *Buckley*, 120 Mass. 3. *Wilson* v. *Gray*, 127 Mass. 98. *The America*, 1 Lowell, 176.

The necessity imposed by statute to take a pilot for the security of life and property brings the case within the exception in the Lord's day act. Gen. Sts. *c.* 84, §§ 1, 2.

*Exceptions overruled.*